An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY EMMANUEL WHITE,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 64756

FILED

NOV 24 2015



*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant argues that the district court erred in denying his petition filed on September 28, 2009, and amended on February 28, 2011. Appellant filed his petition more than seven years after issuance of the remittitur on direct appeal on April 2, 2002. *See White v. State*, Docket No. 37422 (Order of Affirmance, March 8, 2002). Appellant's petition was therefore untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive and an abuse of the writ.[1] NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). We give deference to the district court's factual findings if supported by substantial evidence and not clearly

---

[1]*White v. State*, Docket No. 42243 (Order of Affirmance, July 8, 2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36013

erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose the entire contents of a letter that appellant's sentencing judge wrote and requested to be placed in codefendant M. Woomer's parole file. Although procedurally barred, demonstrating the second and third elements of a *Brady* claim satisfies the good cause and prejudice requirements to overcome that procedural bar. *State v. Huebler*, 128 Nev., Adv. Op. 19, 275 P.3d 91, 95 (2012). "To prove a *Brady* violation, the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *Id.* (internal quotations omitted).

Even assuming without deciding that the State withheld favorable evidence, appellant has not demonstrated the third element, that he was prejudiced. Appellant argues that the letter's contents justify a lower sentence than he received and that he was denied the opportunity to make the arguments contained in the letter because he did not know about them. However, the letter's author was also appellant's sentencing judge, and appellant has not demonstrated how he was prejudiced by being denied the opportunity to echo the judge's own thoughts back to him at sentencing. Further, although the sentencing judge felt Woomer was "instrumental" in swinging the bat despite Woomer's statements to the contrary, the judge did not feel this was exculpatory vis-à-vis appellant. The sentencing judge noted that it was appellant who carried the bloody bat out of the house, and he discussed the "sinister" use of the batting

glove—which was solely associated with appellant—in his final remarks. In failing to demonstrate this third *Brady* element, appellant has also failed to overcome the procedural bar.

Second, appellant argues that the district court erred in denying grounds three through five of his petition as procedurally barred, because he has demonstrated that he is actually innocent such that the failure to consider those claims on their merits would result in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (adopting the *Schlup* test). To prove actual innocence as a gateway to reach procedurally-barred constitutional claims of error, a petitioner must show that "'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 327); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Appellant has failed to demonstrate a gateway claim of actual innocence.

"To be credible, a claim of actual innocence must be based on reliable evidence." *Calderon*, 523 U.S. at 559 (internal quotations omitted). In his recantation and evidentiary-hearing testimony, Woomer took sole credit for thinking up and carrying out the robbery and murder, indicating that appellant was in no way involved. The district court clearly did not consider Woomer to be credible or reliable. Woomer's recitation of events in his declaration and postconviction testimony, if believed, would have absolved appellant of any of the crimes with which he was charged. But despite Woomer's recantation, the district court nevertheless found that the evidence does not support that appellant is actually innocent of the crimes for which he was convicted. We defer to

the district court's implicit findings regarding Woomer's credibility, which are supported by substantial evidence in the record. *See State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006) ("[T]he district court is in the best position to adjudge the credibility of the witnesses and the evidence, and unless this court is left with the definite and firm conviction that a mistake has been committed, this court will not second-guess the trier of fact." (internal quotations omitted)).

Moreover, the district court's finding that appellant failed to demonstrate that he was actually innocent is also supported by substantial evidence in the record. Appellant was convicted of robbery with use of a deadly weapon, conspiracy to commit robbery, and first-degree murder with use of a deadly weapon. The trial testimony of other witnesses was that appellant left the crime scene carrying a bat covered in the victim's blood and was in control of the proceeds of the robbery, supporting that appellant was an active participant in the illegal activity. And one of the theories of first-degree murder was felony murder, such that if appellant had not struck the fatal blows, he would nevertheless have been convicted of first-degree murder. *See* NRS 200.030(1)(b). Accordingly, appellant has failed to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. For this same reason, we conclude that the district court did not err in denying appellant's freestanding claim of actual innocence in which he requested a new trial on the basis of newly discovered evidence (Woomer's recantation of his trial testimony).[2] *See Schlup*, 513 U.S. at

---

[2]The district court separated this argument into two claims: a freestanding claim of actual innocence, and a request for new trial based on newly discovered evidence.

*continued on next page...*

316-17 (suggesting that the test for any freestanding claim of actual innocence would be more stringent than that for a gateway claim); *Callier v. Warden*, 111 Nev. 976, 990, 901 P.2d 619, 627-28 (1995) (setting out a four-element test for determining whether a petitioner is entitled to a new trial based on a newly discovered recantation, the fourth element being that "it is probable that had the false testimony not been admitted, a different result would have occurred at trial").

For the foregoing reasons, we conclude that the district court has not erred in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

Parraguirre , J.

Douglas , J.                    Cherry , J.

---

...*continued*
It is unclear whether either iteration of the claim is cognizable in a postconviction habeas petition. NRS 34.724(1) limits the scope of such petitions to "claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the Constitution or laws of this State." Appellant's claim of newly discovered evidence does not allege any constitutional violation. Further, neither this court nor the United States Supreme Court has ever held that freestanding claims of actual innocence are available. *See McQuiggin v. Perkins*, 569 U.S. ___, ___, 133 S. Ct. 1924, 1931 (2013). However, as discussed herein, the claim would nevertheless fail on the merits.

cc: Hon. Nancy L. Porter, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

Supreme Court
OF
Nevada

(O) 1947A